UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN GARRETT SMITH,

    Plaintiff,

v.

RONALD HAYNES, et al.,

    Defendants.

CASE NO. 3:18-cv-05144-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: MAY 25, 2018

    The District Court has referred this action filed under 42 U.S.C. § 1983 to United States Magistrate Judge J. Richard Creatura. Plaintiff John Garrett Smith, proceeding *pro se* and *in forma pauperis*, initiated this civil rights action in February of 2018. Dkt. 1. He has now filed an amended complaint. Dkt. 6. However, his amended complaint suffers from the same deficiencies as his original complaint, and those deficiencies cannot be remedied by amendment. Therefore, the Court recommends that the claims regarding his underlying conviction be dismissed without leave to amend, but that he be allowed to proceed on his other claims regarding his claimed mistreatment while incarcerated.

## BACKGROUND

In plaintiff's original complaint, he alleged that he is being unlawfully detained by the Department of Corrections ("DOC") and that, in doing so, he is losing substantial money from his businesses. Dkts. 4 at 3; 4-1 at 7. He also claimed that defendants' actions were in violation of the RICO Act. Dkt. 4 at 3. The Court also interpreted one of his allegations as claims that several defendants have treated him with animosity and refused his requests for protection from physical violence. Dkt. 4-1 at 3. The Court ordered plaintiff to show cause or file an amended complaint, noting that some of his challenges necessarily imply that his underlying conviction is invalid and are therefore inappropriate. Dkt. 5 at 2-3. The Court provided leave to amend and further noted that plaintiff's claims alleging animosity from prison staff could move forward if he included them in his amended complaint. *Id*. at 3.

Plaintiff has now filed an amended complaint. Dkt. 6. In it, he again includes allegations that officials are violating the RICO Act by conspiring to keep him unlawfully detained. *Id*. at 3. He also again includes specified acts by individual defendants, including belligerent taunting and provocation to commit assault. *Id*. at 7. He further clarified that the Court misinterpreted one of his claims: he does not request relief from the DOC failing to protect him because he has made no such requests from the DOC. Rather, he is claiming that "the DOC and tyrant state is, by far, [plaintiff's] largest threat to life, liberty, & property." *Id*. at 3. As relief, he requests $20.05 billion, plus an addition $6.3 million per day in tolling. *Id*.

The Court takes judicial notice that plaintiff has numerous other civil matters pending in this Court, including two pending Petitions for Writs of Habeas Corpus.[1] The Court therefore

---

[1] Plaintiff's pending cases include: 3:17-cv-06019-BHS-DWC (habeas); 3:18-cv-05061-BHS-TLF (habeas); 3:18-cv-5166-RBL-TLF (§ 1983); 3:18-cv-05191-RBL-JRC (§ 1983); 3:18-cv-05192-RBL-DWC (mandamus); 3:18-cv-05194-RBL-DWC (mandamus); 3:18-cv-05211-BHS (§ 1983); 3:18-cv-05224-RBL-TLF (§ 1983); and 3:18-cv-05225-RBL-DWC (§ 1983).

1  also takes notice that plaintiff's underlying conviction has not yet been vacated by either a state
2  or federal court order.[2]

3                                    **DISCUSSION**

4      **I.     *Heck v. Humphrey* Bar and RICO Allegations**

5       Plaintiff again alleges defendants violated his constitutional protections when they
6  framed him for a crime he didn't commit. As noted in the Court's previous order, a plaintiff may
7  only recover under § 1983 for an allegedly unconstitutional conviction if he can prove that the
8  conviction has been reversed on direct appeal, expunged by executive order, declared invalid by
9  a state tribunal authorized to make such a determination, or called into question by a federal
10 court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87. A "§ 1983 action is barred
11 (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter
12 the target of his suit (state conduct leading to the conviction or internal prison proceedings) – *if*
13 success in that action would necessarily demonstrate the invalidity of confinement or its
14 duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

15      Here, plaintiff alleges that defendants are holding him unlawfully in violation of the
16 RICO Act. Dkt. 6 at 3. However, these claims imply that plaintiff's underlying conviction is
17 invalid and that he has not yet overturned his conviction through direct appeal or collateral
18 attack. As noted above, a challenge under § 1983 that would necessarily imply the invalidity of a
19 conviction and resulting confinement is not appropriate until the conviction has been overturned
20 or vacated, either by direct appeal or collateral attack. Further, aside from filing completely new

---

[2] The Court notes one aspect of plaintiff's conviction was vacated on direct appeal (*see State v. Smith*, 196 Wash. App. 224 (2016)), but that decision was reversed by the Washington Supreme Court (*see State v. Smith*, 189 Wash.2d 655 (2017)).

REPORT AND RECOMMENDATION - 3

causes of action, plaintiff cannot provide an amended complaint that would remedy this deficiency.

Because the Court cannot grant plaintiff's desired relief for these claims, because the Court has already placed plaintiff on notice that this claim cannot move forward, and because the deficiency cannot be remedied through amendment, the Court recommends plaintiff's RICO claims be dismissed without leave to amend.

## II.     Remaining Claims

As in his original complaint, plaintiff has included particularized allegations against several specific defendants, including allegations that staff attempted to provoke him to assault and taunted him. Dkt. 6 at 7. These claims are colorable on their face. Therefore, the Court recommends allowing these claims to move forward and allowing defendants to respond to them once they have been served with the complaint.

## CONCLUSION

It is clear a finding in plaintiff's favor would necessarily invalidate his underlying conviction. Further, there is no conceivable amendment aside from filing completely knew causes of action that would remedy the deficiency. Therefore, the Court recommends dismissing plaintiff's RICO Act claims. His remaining claims should move forward. The Court will direct service of the complaint after the District Court has made a determination on this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

REPORT AND RECOMMENDATION - 4

1  imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **May 25, 2018**,

2  as noted in the caption.

3    Dated this 30th day of April, 2018.

                                                                               J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5