1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
9                 AT TACOMA

10   JOHN GARRETT SMITH,

11                 Plaintiff,                CASE NO. 3:18-cv-05144-RBL-JRC

                                             ORDER DENYING MOTION TO
12        v.                                 AMEND

13   RONALD HAYNES, et al.,

14                 Defendants.

15

16        Plaintiff John Garrett Smith, proceeding *pro se* and *in forma pauperis*, filed this civil

17   rights complaint under 42 U.S.C. § 1983. Plaintiff asks for leave to amend his complaint to

18   include an allegation of mail fraud, and requests that the Court "not take the banal bait of

19   defendants' red-herring diversions." Dkts. 15, 17. However, plaintiff has not yet exhausted his

20   administrative remedies as to his mail fraud allegations, and so may not yet include them in his

21   complaint. The Court is also unsure what remedy plaintiff seeks with his motion to "prohibit red-

22   herring diversions," but the Court already has a duty to examine the submissions of both parties

23

24

1   and give them the factual and legal weight they are due. Therefore, both of plaintiff's motions

2   are denied.

3          The Court will make a determination on defendants' pending motion to dismiss (Dkt. 18)

4   in a separate report and recommendation.

5                                          **BACKGROUND**

6          Plaintiff initially filed his complaint in February of 2018. Dkt. 1. Pursuant to court order,

7   plaintiff filed an amended complaint in March of 2018. Dkt. 6. The Court entered a report and

8   recommendation recommending that some of plaintiff's claims be dismissed. Dkt. 7. After the

9   District Court adopted that report and recommendation, the court directed service of the amended

10  complaint. Dkt. 9.

11         Plaintiff has now filed a motion to amend his amended complaint (Dkt. 15), seeking to

12  include a claim of mail fraud. He has also filed a "motion to prohibit red-herring diversions"

13  (Dkt. 17), apparently asking the Court to ignore some of defendants' arguments because they

14  mischaracterize plaintiff's claims and allegedly attempt to distract the Court from ongoing

15  constitutional violations. Defendants have responded to plaintiff' motion to amend (Dkt. 16), but

16  did not respond to plaintiff's "motion to prohibit red-herring diversions" (*see* Dkt.).

17                                          **DISCUSSION**

18  **I.      Motion to Amend**

19         As a matter of course, a party may amend its pleading once within 21 days of serving it

20  or, if it is a pleading that requires a response, within 21 days after service of the response. Fed. R.

21  Civ. Proc. 15(a)(1). In all other cases, "a party may amend its pleading only with . . . the court's

22  leave." *Id*. (a)(2). "The court should freely give leave when justice so requires." *Id*.

23

24

Before a prisoner may bring a civil rights action under 42 U.S.C. § 1983, he must first exhaust all available administrative remedies. The Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a) provides that: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion in cases covered by § 1997e(a) is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). All "available" remedies must be exhausted. *Id.* Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is still a prerequisite to suit. *Id.,* 532 U.S. at 741.

Here, plaintiff requests that he be allowed to amend his complaint to include an additional allegation of mail fraud that he has not yet fully exhausted. Dkt. 15. Defendants argue that he filed his motion so soon after the alleged unlawful conduct that he could not have fully exhausted due to the amount of time it takes to exhaust administrative remedies. Dkt. 16. Indeed, plaintiff has filed a second motion and included a copy of his level 1 grievance, but does not provide or even reference any further progress in the grievance process. As noted above, the exhaustion of administrative remedies must be completed *before* plaintiff may file a lawsuit seeking relief. Because it appears plaintiff is still in the process of exhausting his administrative remedies, he may not yet bring suit as to his mail fraud claims. Thus, amending his complaint to include that claim is inappropriate at this time. Therefore, plaintiff's motion to amend is denied.

**II.     Motion to Prohibit Red-Herring Diversions**

Plaintiff has also filed a "Motion to Prohibit Red-Herring Diversions." Dkt. 17. It appears that plaintiff is alleging that defendants have filed arguments attempting to distract the Court from the central issues in the case. *Id*. Plaintiff alleges that defendants are discriminating against

him because of his autism, and that defendants arguments on the merits of this lawsuit are part of that discrimination. *Id*. He further argues that defendants misconstrue his arguments in their response, that they minimize allegedly heinous federal crimes, and that he has supported his legal claims not only with allegations in the present suit, but also in prior legal proceedings before state courts. *See* Dkt. 17, pp. 3-4. He has also attached copies of his level 1 grievance and defendants' response to that grievance. *Id*., p. 6.

It would be unethical for defendants' counsel to mislead the Court or to advance frivolous arguments. *See*, *e.g.*, *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 436-37 (1988). The Court does not find that defendants' counsel has done so here. Insofar as plaintiff requests that the Court wholly disregard defendants' submissions, the Court will not do so here. The Court will examine both parties' filings and give them the weight warranted by their content.

Plaintiff's "motion to prohibit red-herring diversions" is denied.

## CONCLUSION

For the reasons stated above, plaintiff's motion to amend (Dkt. 15) and plaintiff's motion to prohibit red-herring diversions (Dkt. 17) are denied.

Dated this 27th day of July, 2018.


J. Richard Creatura
United States Magistrate Judge