UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN GARRETT SMITH,

                Plaintiff,

      v.

RONALD HAYNES, et al.,

                Defendants.

CASE NO. 3:18-cv-05144-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: September 28, 2018

This 42 U.S.C. § 1983 civil rights matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

Plaintiff John Garrett Smith's surviving claims allege that his rights under the American with Disabilities Act ("ADA") and the Constitution were violated when defendants taunted plaintiff and otherwise acted offensively towards him. However, verbal abuse and offensive behavior, without more, is not sufficient to state a claim under either the ADA or the Constitution. Therefore, the Court recommends that defendants' motion to dismiss (Dkt. 18) be granted and plaintiff's remaining claims be dismissed. The Court further recommends that

plaintiff's outstanding "motion for USDC to further aid and abet ultra vires action" (Dkt. 25) be denied as moot.

## BACKGROUND and PROCEDURAL HISTORY

Plaintiff originally filed his complaint in February of 2018. Dkt. 1. Pursuant to an order from the Court, Dkt. 5, he filed an amended complaint in March of 2018, Dkt. 6. His amended complaint contained allegations that defendants had violated the Racketeering Influenced and Corrupt Organization ("RICO") Act, and that defendants acted offensively by belligerently taunting plaintiff and attempting to provoke him to assault. *Id*. The Court filed a report and recommendation recommending that all of plaintiff's claims, except those described on page seven alleging that several defendants taunted him and attempted to provoke him to assault, be dismissed. Dkt. 7. The Court found that relief as to those claims would necessarily imply the invalidity of plaintiff's underlying conviction, and because plaintiff had not yet invalidated his underlying conviction through a habeas proceeding, the claims were barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). *Id*. The Honorable Ronald B. Leighton adopted the report and recommendation and rereferred the case to the undersigned magistrate judge for further proceedings. Dkt. 8.

After being served with the complaint, defendants filed a motion to dismiss. Dkt. 18. They argue that, because plaintiff's surviving claims contain nothing more than allegations of verbal harassment, he has not stated a claim under either the ADA or the Constitution. *Id*. Plaintiff filed a response, but his response largely addressed the RICO Act claims that had already been dismissed and failed to directly address the arguments raised by defendants. Dkt. 21. Defendants filed a reply. Dkt. 22.Plaintiff has also now filed a "motion for the USDC to further aid and abet ultra vires action." Dkt. 25.

**STANDARD OF REVIEW**

A complaint must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) of

the Federal Rules of Civil Procedure can be granted only if the complaint, with all factual

allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "Dismissal can be based on the lack of a

cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

theory." *Ballistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570). Further,

when a plaintiff is proceeding *pro se*, his allegations must be viewed under a less stringent

standard than allegations of plaintiffs represented by counsel. *Haines v. Kerner,* 404 U.S. 519

(1972), *reh'g denied,* 405 U.S. 948 (1972); *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir.

1985) (en banc) (petitioner should be afforded the "benefit of any doubt").

**DISCUSSION**

**I.    Verbal Abuse and Offensive Behavior**

*A. ADA Claims*

Title II of the ADA protects against discrimination with regard to the provision of the

benefits of a prison's "services, programs, or activities on account of a prisoner's disability."

*Castle v. Eurofresh, Inc.*, 731 F.3d 901, 906 (9th Cir. 2013) (quoting 42 U.S.C. § 12112(a)). To

prove that a public program or service violated Title II of the ADA, a plaintiff must demonstrate

that: (1) they are a qualified individual with a disability; (2) they were either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or were otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of their disability. *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001).

Defendants argue that they are employees of a public entity, not a public entity itself, and so cannot be held liable under the ADA. Dkt. 18, p. 5. However, even if the ADA is applicable to defendants, plaintiff still has not stated a claim for relief.

First, plaintiff has not demonstrated how he was denied participation in or benefits of a public entity's services because of his alleged disability. *Duvall*, 260 F.3d at 1135. Plaintiff alleges that he is disabled because of his autism. Dkt. 6, p. 7. He alleges that defendant Jones "reacted with vitriolic pride and arrogance commensurate of a smug, cruel bully" when presented with one of plaintiff's legal documents and otherwise acted with "animosity" towards plaintiff. Dkt. 6, p. 7. He further alleges that defendants Tornquist and Harper "belligerenty taunted a terrified Autusutic Smith," "then wrongfully accused Smith of 'an attitude' when he was crying out for help from a friend . . . ." *Id*. However, plaintiff has the burden of showing that defendants denied him access to benefits *because* of his disability, and he has included no allegations that defendants alleged actions were motived by plaintiff's alleged disability. Further, verbal abuse or offensive actions, without more, do not constitute violations of the ADA. *See*, *e.g.*, *Garedakis v. Brentwood Union School Dist.*, 183 F. Supp. 3d 1032, 1046 (N.D. Cal. 2016) (finding that a teacher's verbal and physical abuse of special education students does not constitute a violation of the ADA). Because plaintiff has provided nothing more than allegations of verbal harassment, he has not alleged a violation of the ADA.

In addition, plaintiff has alleged that he is disabled because he has autism. *See* Dkt. 6, p. 7. However, plaintiff bears the burden of proving that he is disabled within the meaning of the ADA. *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1063 (9th Cir. 2005). Here, plaintiff has provided no evidence that he is a qualified individual with a disability aside from his own bald assertion. Conclusory claims without any supporting factual allegations are not sufficient to state a claim for which relief may be granted. *See Iqbal*, 556 U.S. at 678.

Plaintiff has not shown that defendants' actions constitute a violation of the ADA and so plaintiff has not stated a claim for which relief may be granted. Therefore, the Court recommends that defendants' motion be granted as to this claim and that plaintiff's ADA claim be dismissed.

B.   *Constitutional Claims*

 "[V]erbal harassment generally does not violate the Eighth Amendment." *Kennan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (citing *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987)). Similarly, verbal harassment, without more, is not sufficient to state a Fourteenth Amendment violation. *See Oltarzewski*, 830 F.2d at 139. Even disparaging comments about a plaintiff's racial or ethnic background generally will not rise to the level of a constitutional violation. *See*, *e.g.*, *Zavala v. Barnik*, 545 F. Supp. 2d 1051, 1058-59 (C.D. Cal. 2008).

Here, as noted in section I(A) *supra*, plaintiff's allegations against defendants, read liberally, consist only of claims that defendants acted offensively toward plaintiff and verbally abused him. However, verbal abuse without more is not sufficient to state a constitutional violation. Because plaintiff has only included allegations that defendants "belligerently taunted" and acted with "arrogance commensurate of a smug, cruel bully," he has not provided allegations sufficient to rise to a constitutional violation. Thus, he has not stated a claim for which relief may

1   be granted as to his constitutional violations. Therefore, the Court recommends that defendants'

2   motion to dismiss be granted as to this claim and plaintiff's remaining constitutional allegations

3   be dismissed.

4       **II.    Supervisory Liability**

5           To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing how a

6   defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v.*

7   *Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold*, 637 F.2d at 1355. A person subjects another

8   to a deprivation of a constitutional right when committing an affirmative act, participating in

9   another's affirmative act, or failing to perform an act which is legally required. *Johnson v. Duffy*,

10  588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are

11  insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be

12  based on vicarious liability alone, but must allege the defendant's own conduct violated the

13  plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989). A supervisor will

14  only be liable for the actions of his or her subordinates if he or she participated in or directed the

15  alleged violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

16          Here, plaintiff argues that defendant Haynes, the superintendent at the Clallam Bay

17  Corrections Center, was "in authority" when plaintiff "was accosted by DOC guards 'in order to

18  provoke [him] to a real assault because everyone knows you got screwed over in your faked

19  case,' yet did nothing to expose the truth." Dkt. 6, p. 7. However, he has provided no additional

20  allegations as to how defendant Haynes deprived plaintiff of any constitutional protections. He

21  has not alleged that defendant Haynes did anything to harm plaintiff directly, nor that he

22  participated in or directed the alleged violations. *See Taylor*, 880 F.2d at 1045. As such,

23  plaintiff's claim against defendant Haynes is a facial allegation of supervisory liability -- a claim

24

1   for which this court cannot grant relief. Thus, plaintiff has not stated a claim for which relief may

2   be granted against defendant Haynes. Therefore, the Court recommends that defendants' motion

3   to dismiss be granted as to this claim and that the claim against defendant Haynes be dismissed.

4   **III.    Qualified Immunity**

5       Defendants also argue that, even if plaintiff has stated a claim under the ADA or the

6   Constitution, they enjoy qualified immunity. Dkt. 18, pp. 8-9. However, the Court has already

7   determined that plaintiff's surviving claims do not state a claim for relief on the merits.

8   Therefore, the Court declines to analyze whether defendants enjoy qualified immunity at this

9   time.

10                                  **CONCLUSION**

11      For the reasons set forth above, the Court recommends that defendants' motion to dismiss

12  (Dkt. 18) be granted and that plaintiff's action be dismissed with prejudice. The court further

13  recommends that plaintiff's outstanding "motion for USDC to further aid and abet ultra vires

14  action" (Dkt. 25), and any other outstanding motions, be denied as moot.

15      Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

16  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

17  6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo*

18  review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver

19  of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*

20  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

21

22

23

24

1   imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September**

2   **28, 2018** as noted in the caption.

3        Dated this 11th day of September, 2018.

4

5

6

7                           J. Richard Creatura

                           United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24